UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HERSHEY COMPANY and HERSHEY CHOCOLATE & CONFECTIONERY CORPORATION, | No. _____ |
| Plaintiffs, | COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN AND DAMAGES |
| v. | |
| CONSCIOUS CARE COOPERATIVE, Defendant. | |

Plaintiffs The Hershey Company ("Hershey Company") and Hershey Chocolate & Confectionery Corporation ("Hershey Chocolate") (together, "Hershey"), for their complaint against defendant Conscious Care Cooperative, plead and allege as follows:

## **INTRODUCTION**

1.     This action is brought by Hershey to stop the unauthorized use of a number of famous and well-known Hershey trademarks to sell chocolate candy that contains cannabis and/or tetrahydrocannabinol.  Hershey's REESE'S® and MR. GOODBAR® brands are among the best-known candy brands in the United States, and both the brand names and the trade dresses used in connection with these brands are extremely famous and well-known among United States consumers.  Defendant, who is well aware of the fame and popularity of these Hershey products and marks, is selling cannabis- and/or tetrahydrocannabinol-laced chocolate and candy products using names, marks and designs that are clear imitations of Hershey's

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

famous REESE'S® and MR. GOODBAR® trademarks and trade dresses, in order to increase sales of defendant's cannabis and tetrahydrocannabinol candy products, draw additional attention to its products, confuse consumers as to the source of its products, call to consumers' minds Hershey's famous and beloved brands, and otherwise to trade on the goodwill of Hershey and its brands.

2. In doing so, defendant is not merely causing a likelihood of consumer confusion with Hershey's marks and products, and diluting and tarnishing Hershey's marks by creating an association in consumers' minds with products containing cannabis and/or tetrahydrocannabinol. Defendant's unauthorized conduct also creates a genuine safety risk with regard to consumers, including children, who may not distinguish between Hershey's candy products and defendant's cannabis- and/or tetrahydrocannabinol-based products, and may inadvertently ingest defendant's products thinking that they are ordinary chocolate candy.

## NATURE AND BASIS OF THE ACTION

3. This is an action for trademark infringement, trademark dilution, false designation of origin, unfair competition and unfair and deceptive trade practices, seeking damages and other appropriate relief arising out of defendant's violations of Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114(a), 1125(a) and 1125(c), and state law.

4. Hershey seeks damages and other relief from defendant's wrongful use in commerce of the REESE'S trademarks and trade dress, the MR. GOODBAR trademarks and trade dress, and/or trademarks or trade dress that are confusingly similar to or dilutive of Hershey's famous trademarks.

5. Defendant, which operates a business in the State of Washington, sells cannabis, and cannabis-related products, using packaging, trademarks, and terminology that infringe and dilute trademarks and trade dresses owned by, or exclusively licensed to, Hershey (the "Infringing Products").

6. Defendant has intentionally traded on the established goodwill of Hershey and its various products and brands in order to enhance the sales and profits associated with the

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Infringing Products.

7.     Defendant's actions have caused, and will continue to cause, consumer confusion as to the source, sponsorship, and/or affiliation of its goods and/or services as being connected with Hershey. Moreover, defendant's actions have caused, and will continue to cause, the dilution of Hershey's trademarks and trade dress.

## PARTIES

8.     Hershey Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033.   Hershey Company is a major manufacturer and seller of chocolate, confectionery and snack products.

9.     Hershey Chocolate is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4860 Robb Street, Wheat Ridge, Colorado 80033.  Hershey Chocolate is a wholly owned subsidiary of Hershey Company and is the owner of the REESE'S trademark and trade dress and the MR. GOODBAR trademark and trade dress.

10.     Hershey Company sells REESE'S branded products and MR. GOODBAR branded products throughout the United States, including the State of Washington, under a license from Hershey Chocolate.

11.     On information and belief, defendant Conscious Care Cooperative is a nonprofit corporation organized and existing under the laws of the State of Washington, with a registered address at 14032 Aurora Avenue North #C, Seattle, Washington 98133.

12.     On information and belief, defendant is engaged in the business of selling products including or incorporating cannabis and/or tetrahydrocannabinol in the State of Washington and within this judicial district.

## JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over Hershey's federal-law claims for trademark and trade dress infringement, trademark and trade dress dilution, false designation of

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1  origin, and unfair competition claims under Section 39 of the Lanham Act, 15 U.S.C. § 1121,
2  and under 28 U.S.C. §§ 1331 and 1338(a) & (b).

3      14.    The Court has subject matter jurisdiction over Hershey's state-law claims under
4  28 U.S.C. § 1367 and, because the amount in controversy exceeds $75,000 exclusive of interest
5  and costs and there is complete diversity of citizenship, under 28 U.S.C. § 1332.

6      15.    The Court has personal jurisdiction over defendant because, upon information
7  and belief, defendant is present and doing business in the State of Washington and this judicial
8  district, and has distributed its infringing products to, and offered its infringing products for
9  sale in, the State of Washington and this judicial district.

10     16.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because
11  defendant is subject to personal jurisdiction in this judicial district and because a substantial
12  part of the events giving rise to plaintiffs' claims occurred in this judicial district.

13  <u>**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**</u>

14  **A.    Hershey's Famous and Valuable REESE'S Trademarks**

15     17.    Founded in 1894, Hershey is one of the oldest manufacturers of chocolate and
16  confectionery products in the United States.  Today, Hershey Company is one of the leading
17  manufacturers and sellers of chocolate, confectionery and snack products worldwide.

18     18.    Among Hershey's flagship brands is the REESE'S family of chocolate and
19  peanut butter products.  The iconic REESE'S Peanut Butter Cup, an example of which is
20  shown below, was first introduced in 1928, and is one of the best selling candy products in the
21  United States today.

22     19.    For more than 40 years, REESE'S Peanut Butter Cups have been sold
23  throughout the United States in packaging that features a distinctive orange background color
24  and a distinctive combination of orange, yellow and brown.  Some examples of the REESE'S
25  trade dress, including current packaging as well as historical nostalgic designs used by
26  Hershey, are shown below:

27

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK
DILUTION, FALSE DESIGNATION OF ORIGIN AND DAMAGES  - 4
NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107







20.     The REESE'S family of products also includes, among other products, REESE'S PUFFS cereal, REESE'S PIECES candies, REESE'S Peanut Butter Cup Miniatures, REESE'S NUTRAGEOUS candy bars, REESE'S CRISPY CRUNCHY candy bars, REESE'S FAST BREAK candy bars, REESE'S STICKS wafer bars, and REESE'S BIG CUP Peanut Butter Cups.  Like the REESE'S Peanut Butter Cup, each of these products is sold in packaging that contains the distinctive orange background color, with yellow and brown design elements.

21.     The REESE'S mark and trade dress are protected by a number of U.S. federal trademark registrations and common law rights (collectively, the "REESE'S Trademarks"). The following is a non-exhaustive list of valid, subsising and existing U.S. federal registrations in International Class 30 owned by Hershey Chocolate covering the REESE'S mark and/or trade dress, most of which are incontestable under federal law:

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

| Trademark | Reg. No. | Goods & Services | First Use in Commerce |
|---|---|---|---|
|  | 925,609 | Peanut Butter Cups | 12/15/1969 |
| REESE'S | 1,215,096 | Candy | 1919 |
| REESE'S PUFFS | 2,491,191 | Breakfast cereal | 7/9/2000 |
|  | 3,601,728 | Candy, candy bars, confectionery chips for baking, peanut butter confectionery chips | 12/31/1958 |
|  | 3,631,320 | Candy; Confectionery chips for baking | 2/28/2003 |
|  | 4,148,621 | Candy | 4/30/2007 |
|  | 4,330,229 | Candy | 2008 |
| REESE'S PUFFS | 4,432,557 | Muffin mixes | 7/15/2012 |

(*See* Exhibit A, registration certificates.)

22. In addition to the trademarks set forth above, Hershey Chocolate owns an incontestable, valid, subsisting and existing federal trademark registration (No. 2,256,226) consisting of an "orange-colored background covering the entirety of the packaging for the

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

goods," for "candy and confectionery chips for baking with peanut butter as the characterizing flavor or one of various characterizing flavors." (*See* Exhibit A.)

23. The REESE'S Trademarks have been continuously used in commerce, throughout the United States and the world, for many years – in some cases, since as early as 1919.

24. The REESE'S family of products have been extremely successful, with sales of over $1 billion each year in the United States alone. In total, sales of the REESE'S family of products in the United States have exceeded $7 billion in the last five years alone.

25. By virtue of Hershey's substantial sales, marketing and use of the REESE'S trademark and trade dress throughout the United States in connection with the REESE'S family of products, the REESE'S Trademarks have become famous and well known, have become distinctive of Hershey's products, and have come to identify and indicate the source of Hershey's products to consumers and the trade, both in the State of Washington and throughout the United States.

26. Through Hershey's long use, advertising and promotion of the REESE'S brand, as well as through its longstanding commitment to quality and safety, Hershey has developed for itself and its REESE'S Trademarks and REESE's family of products substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products, who trust Hershey and the REESE'S brand to produce safe and delicious treats for people of all ages.

**B.     Hershey's Famous and Valuable MR. GOODBAR Trademarks**

27. One of Hershey's most enduring products is MR. GOODBAR brand candy bars, which were first introduced in 1925.

28. For more than eight decades, Hershey has sold MR. GOODBAR brand candy bars in a distinctive and well-known trade dress featuring a yellow background with the name of the bar in a distinctive red font. The trade dress is also characterized by a dark brown ribbon

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

below the name of the candy bar with descriptive text ("Chocolate and Peanuts").  An example of the current version of the packaging is shown below:



29.     The MR. GOODBAR mark and trade dress are protected by a number of U.S. federal trademark registrations and common law rights (collectively, the "MR. GOODBAR Trademarks").  The following is a non-exhaustive list of valid, subsisting and existing U.S. federal registrations in International Class 30 owned by Hershey Chocolate covering the MR. GOODBAR mark and/or trade dress:

| Trademark | Reg. No. | Goods & Services | First Use in Commerce |
|---|---|---|---|
| *Mr.Goodbar* | 851,555 | Chocolate Bar | 11/20/1925 |
| *(stylized mark)* | 1,493,378 | Candy | 11/20/1925 |
| MR. GOODBAR | 2,135,971 | Candy | 11/20/1925 |
| *mr.Goodbar* | 3,961,918 | Candy; chocolate | 11/20/1925 |
| *HERSHEY'S mr. Goodbar CHOCOLATE AND PEANUTS* | 4,128,727 | Candy; chocolate | 4.30/2007 |

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

(*See* Exhibit B, registration certificates.) All of the foregoing federal registrations except for No. 4,128,727 are incontestable under federal law.

30. The MR. GOODBAR Trademarks have been continuously used in commerce, throughout United States and throughout the world, for many years – in some cases, since as early as 1925.

31. After nearly nine decades on the market, MR. GOODBAR continues to be a commercial success. Hershey sells tens of millions of dollars of MR. GOODBAR candy bars each year in the United States alone.

32. By virtue of Hershey's substantial sales, marketing and use of the MR. GOODBAR Trademarks throughout the United States, the MR. GOODBAR Trademarks have become famous and well known, have become distinctive of Hershey's products, and have come to identify and indicate the source of Hershey's products to consumers and the trade, both in the State of Washington and throughout the United States.

33. Through Hershey's long use, advertising and promotion of the MR. GOODBAR brand, as well as through its longstanding commitment to quality and safety, Hershey has developed for itself and its MR. GOODBAR Trademarks and MR. GOODBAR family of products substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products, who trust Hershey and the MR. GOODBAR brand to produce safe and delicious treats for people of all ages.

C. **Defendant's Unlawful And Infringing Use Of Hershey's Trademarks To Sell Cannabis Products**

34. Defendant is engaged in the business of, among other things, advertising, selling, and providing goods including, containing, or incorporating cannabis and/or tetrahydro-cannabinol.

35. Well after Hershey first began using its REESE'S Trademarks and MR. GOODBAR Trademarks (together, the "Hershey Trademarks") for candy products, and after those marks had become famous, defendant commenced selling cannabis- and/or tetrahydro-

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

cannabinol-based products, including chocolate preparations and/or confections, under the Hershey Trademarks or marks that constitute confusingly similar imitations thereof (the "Infringing Products").

36.    Since at least 2014, defendant has advertised and sold in the State of Washington several lines of Infringing Products in packaging using the famous Hershey Trademarks, specifically including, but not limited to, the products identified below.

37.    For example, defendant sells a "Reefer's Peanut Butter Cup" product that is confusingly similar to the REESE'S Trademarks.  In particular, the word "Reefer's" appears in a cursive script that is strikingly similar to that used by Hershey on REESE'S products, and which is protected by a number of REESE'S Trademarks.  The infringing design also uses the term "the original" in a manner similar to some of Hershey's nostalgic designs for the REESE'S brand, along with a silhouette of a peanut butter cup.  Defendant's infringing design is shown below alongside a genuine REESE'S design:

| **Infringing Product** | **Example of Hershey Product and Nostalgic Design** |
|---|---|
|  |   |

38.    Defendant also sells a "Reese's Puff Bar" product that wholly incorporates Hershey's registered REESE'S PUFF mark:

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN AND DAMAGES  - 10
NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107



39.     Defendant also sells a chocolate peanut butter cup product called "Reefer Chronic Kush Cups" or "Kush Peanut Butter Cups," using a package with an orange background color and a combination of orange, yellow and brown colors substantially similar to that used in the REESE'S trade dress covered by some of the REESE'S Trademarks and used in connection with REESE'S Peanut Butter Cups and other REESE'S products. In addition, defendant's peanut butter cup packaging features an image of a half-bitten peanut butter cup nearly identical to that shown on the REESE'S Peanut Butter Cups packaging:



40.     Defendant also sells a product called "Mr. Dankbar," which is virtually identical in appearance to the MR. GOODBAR mark and trade dress, including the yellow background, red lettering of virtually the same font, and the brown ribbon beneath the name (stating "Peanuts in Medicated Milk Chocolate," in mimicry of the former wording of the MR. GOODBAR package, which read "Peanuts in Milk Chocolate").

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK
DILUTION, FALSE DESIGNATION OF ORIGIN AND DAMAGES  - 11
NO.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

| **Infringing Product** | **Example of Hershey Product** |
|:---:|:---:|
|  |  |

41. None of the Infringing Products has been authorized by Hershey, nor has Hershey authorized defendant to use the Hershey Trademarks, or any similar marks in connection with any product.

42. Defendant openly and intentionally offered for sale and sold the Infringing Products in commerce, both at its retail locations and on its website (www.auroraccc.org). Examples of online advertising and promotion of defendant's Infringing Products are attached as Exhibit C.

43. Defendant's trademarks and trade dresses for their Infringing Products are extremely similar to the Hershey Trademarks, as shown above, and are used by defendant in connection with chocolate and confectionery products, the same products on which the Hershey Trademarks are used.

44. Accordingly, defendant's sale of the Infringing Products inevitably will cause confusion among consumers as to the origin, source or sponsorship of the products offered by defendant, and cause many potential purchasers to mistakenly believe that the products are the same as those offered by Hershey, or that they are in some way authorized or licensed by the source of the products sold under the Hershey Trademarks.

45. In addition, defendant's use of the Hershey Trademarks on the Infringing Products is likely to dilute the distinctive quality of the Hershey Trademarks by lessening their capacity to identify and distinguish Hershey's products.

46. Defendant's actions also have tarnished and are likely to tarnish the Hershey

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Trademarks and the goodwill associated therewith.

47. Upon information and belief, defendant has willfully and intentionally engaged in the foregoing activities with the knowledge that the Hershey Trademarks, or marks confusingly similar thereto, were used, owned, and/or registered by Hershey and that the advertisement, sale and marketing of the Infringing Products was unauthorized.

48. Upon information and belief, defendant's advertisement, sale and marketing of products using the Hershey Trademarks, or marks confusingly similar thereto, without permission is, and has been, a deliberate attempt to trade on the valuable trademark rights and goodwill established by Hershey in the REESE'S Trademarks and the MR. GOODBAR Trademarks.

49. Upon information and belief, defendant has engaged in the foregoing actions with the intent that defendant's use of the Hershey Trademarks, or marks confusingly similar thereto, would cause confusion, mistake or deception among members of the general public, and with the intent that the Infringing Products would be associated in the minds of consumers with the Hershey Trademarks.

50. Defendant has improperly traded on, and profited from, the goodwill and reputation established by Hershey in the Hershey Trademarks.

51. Defendant's acts are causing and will continue to cause damage and irreparable harm to Hershey and the valuable reputation and goodwill of its marks with purchasers and consumers.

## FIRST CLAIM FOR RELIEF

### Infringement of Federally Registered Marks

### Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

52. Hershey repeats and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. This claim is for the infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114, as

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN AND DAMAGES  - 13 NO.

amended.

54. The marks used by defendant, as described above, are confusingly similar to, and are colorable imitations of, the federally registered Hershey Trademarks, and infringe those respective federally registered trademarks.

55. Defendant's unauthorized use of the aforementioned marks is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of defendant's products.

56. On information and belief, defendant's acts of trademark infringement have been done willfully and deliberately, and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

57. Defendant's willful and deliberate acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Trademark and Trade Dress Infringement,

### False Designation of Origin and Unfair Competition

### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

58. Hershey repeats and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

59. This claim is for trademark and trade dress infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. By its unauthorized use of the marks and trade dress described above, defendant has (i) infringed the Hershey Trademarks; (ii) falsely designated the origin of its products, and (iii) competed unfairly with plaintiffs, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN AND DAMAGES - 14 NO.

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1    61.    On information and belief, defendant's acts of trademark infringement, trade

2    dress infringement, false designation of origin, and unfair competition have been done willfully

3    and deliberately and defendant has profited and been unjustly enriched by sales that it would

4    not otherwise have made but for its unlawful conduct.

5    62.    Defendant's willful and deliberate acts described above have caused injury and

6    damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation,

7    and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate

8    remedy at law.

9    ### THIRD CLAIM FOR RELIEF

10   **Trademark and Trade Dress Dilution**

11   **Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

12   63.    Hershey repeats and realleges paragraphs 1 through 51 of this Complaint as if

13   fully set forth herein.

14   64.    This claim is for the dilution by blurring of trademarks and trade dress, pursuant

15   to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

16   65.    The Hershey Trademarks are individually and collectively distinctive and

17   famous throughout the United States within the meaning of Section 43(c) of the Lanham Act,

18   15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of defendant's conduct

19   challenged herein.

20   66.    Defendant's conduct, as described above, is likely to dilute and is diluting the

21   distinctive quality of the famous Hershey Trademarks, in that defendant's challenged marks are

22   likely to create and have created an association between defendant's marks and the famous

23   Hershey Trademarks, which impairs the distinctiveness of those famous marks and lessens the

24   capacity of those famous marks to identify and distinguish products marketed and sold by

25   Hershey under those marks.

26   67.    Defendants' actions also have tarnished and are likely to tarnish the Hershey

27   Trademarks and the goodwill associated therewith.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

68.     On information and belief, defendant's acts of trademark dilution have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

69.     Defendant's willful and deliberate acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**Trademark Dilution Under State Law**

**RCW 19.77.160**

70.     Hershey repeats and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

71.     This claim is for trademark dilution in violation of RCW 19.77.160.

72.     The Hershey Trademarks are each famous in the State of Washington, and were famous prior to the date of defendant's conduct challenged herein.

73.     Defendant's conduct as set forth above injures and will injure the business reputation that Hershey enjoys in the State of Washington, and impairs, diminishes, and trades on the Hershey Trademarks, which identify Hershey's goods.

74.     Defendant's conduct injures and dilutes, or is intended to injure and dilute, Hershey's reputation and the distinctive quality of the Hershey Trademarks, in violation of RCW 19.77.160.

75.     Defendant's willful and deliberate acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## FIFTH CLAIM FOR RELIEF

### Violation of Unfair and Deceptive Practices Act

### RCW 19.86.020 *et seq.*

76.    Hershey repeats and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

77.    Defendant, in the course of its regular business, has knowingly committed a deceptive act by passing off the Infringing Products as originating from, having been sourced from, or being affiliated with Hershey.

78.    The foregoing acts of defendant constitute unfair methods of competition, and unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020 *et seq.*

79.    Defendant's conduct affected and was contrary to the public interest, tended to mislead a substantial portion of the public, and has injured Hershey in its business and property in the State of Washington.

80.    Defendant's willful and deliberate acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

81.    Hershey repeats and realleges paragraphs 1 through 51 of this Complaint as if fully set forth herein.

82.    This claim is for trademark infringement and unfair competition in violation of the common law of the State of Washington.

83.    Defendant's unlawful and unauthorized use of the Hershey Trademarks, or marks confusingly similar to the Hershey Trademarks, constitutes common law trademark infringement and unfair competition with Hershey.  Defendant's conduct was, and continues to

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

be, designed to cause confusion in the public mind as to the source and origin of the Infringing Products.

84.     Defendant's conduct was, and continues to be, calculated to cause damage to Hershey in its lawful business and has been done with the unlawful purpose of causing such damage without right or justifiable cause.

85.     Defendant's conduct as described herein has directly and proximately caused Hershey to incur substantial monetary damages.

86.     Defendant acted willfully and maliciously and with full knowledge of the adverse effect of its wrongful conduct upon Hershey and with conscious disregard for the rights of Hershey.

87.     Defendant's unfair competition entitles Hershey to recover damages including, but not limited to, defendant's profits from the sale of the infringing products, actual damages, corrective advertising damages, costs of suit, and attorneys' fees.

88.     Defendant's willful and deliberate acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Hershey has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Hershey requests that the Court enter a judgment against defendant as follows:

A.     Granting preliminary and permanent injunctive relief restraining defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendant and all those in privity or active concert or participation with any of the foregoing (including without limitation each importer, distributor or reseller of defendant's products), and all those who receive actual notice by personal service or otherwise:

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

i.      Infringing on the Hershey Trademarks in any manner; and

ii.     Manufacturing, marketing, advertising, selling, promoting, licensing, exhibiting or displaying any product or service using the Hershey Trademarks, or confusingly similar or dilutive marks, including but not limited to the Infringing Products identified above; and

iii.    Using any false description, representation, or designation, or otherwise engaging in conduct that is likely to create an erroneous impression that defendant's goods are endorsed by Hershey or any related company, sponsored by Hershey or any related company, or are connected in any way with Hershey or any related company; and

iv.     Using the Hershey Trademarks, or marks confusingly similar to or dilutive of the Hershey Trademarks, in promotional literature or materials, including those posted on the Internet; and

v.      Holding themselves out as a licensee or otherwise authorized users of the Hershey Trademarks;

vi.     Using the Hershey Trademarks, or marks confusingly similar to or dilutive of the Hershey Trademarks, in any manner whatsoever; or

vii.    Otherwise unfairly competing with Hershey.

B.      Ordering that defendant be adjudged to have violated Sections 32, 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), to have caused trademark dilution in violation of RCW 19.77.160, to have committed unfair and deceptive trade practices in violation of RCW 19.86.020 *et seq.*, and to have committed acts of common law trademark infringement and unfair competition;

C.      Ordering an accounting of all gains, profits, savings and advantages realized by defendant from its aforesaid acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, unfair and deceptive trade practices, and unfair competition, and awarding treble profits pursuant to 15 U.S.C. § 1117(a) on the ground

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

that defendant engaged in its wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

D.      Awarding such damages as plaintiff shall establish in consequence of defendant's aforesaid acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, unfair and deceptive trade practices, and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiffs for their damages, pursuant to 15 U.S.C. § 1117(a) and RCW 19.86.090.

E.      Ordering defendant to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendant's acts of trademark infringement and dilution, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by plaintiffs and this Court;

F.      Awarding plaintiffs their costs and expenses of this action;

G.      Awarding plaintiffs their attorneys' fees under 15 U.S.C. § 1117 and/or RCW 19.86.090;

H.      Ordering defendant to recall from all chains of distribution all goods, product packaging, product displays, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendant of which would violate the injunction herein requested;

I.      Ordering defendant to deliver up for destruction any and all goods, product packaging, product displays, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendant which, if sold, displayed, or used, would violate the injunction herein granted, and to disable all web sites to the extent they contain any content, the display or use of which would violate the injunction herein requested;

J.      That defendant be required to assign and transfer to Hershey the rights to any domain name that includes or is confusingly similar to or dilutive of any of the Hershey Trademarks;

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1   K.   Ordering defendant to pay for and cause to be disseminated to each distributor

2   and reseller of defendant's Infringing Products a notice advising said persons of defendant's

3   acts of trademark infringement and dilution, false designation of origin, and unfair

4   competition and advising of the issuance and content of the injunction herein requested;

5   L.   Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C.

6   § 1116(a), defendants shall serve upon plaintiffs within thirty (30) days after service on

7   defendant of an order granting an injunction, or such extended period as the Court may direct,

8   a report in writing under oath setting forth in detail the manner and form in which defendant

9   has complied with the injunction; and

10   M.   Granting such other and further relief as this Court may deem just and proper.

11   Dated this 3rd day of June, 2014.

LANE POWELL PC

By   */s Brian G. Bodine*
     Brian G. Bodine, WSBA No. 22414
     bodineb@lanepowell.com

     */s Erin M. Wilson*
     Erin M. Wilson, WSBA No. 42454
     wilsone@lanepowell.com

     Telephone: 206.223.7000
     Facsimile: 206.223.7107

     *Of Counsel (to be admitted pro had vice):*

     Paul C. Llewellyn
     Paul.llewellyn@kayescholer.com
     Kyle D. Gooch
     Kyle.Gooch@kayescholer.com
     KAYE SCHOLER LLP
     425 Park Avenue
     New York, New York 10022
     Telephone:  (212) 836-8000

     Attorneys for Plaintiffs The Hershey Company
     and Hershey Chocolate & Confectionery
     Corporation

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107